IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JULIUS JAMES WOODS, # 1706836** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL NO. 3:15-CV-1889-G-BK |
| | § | |
| **WILLIAMS STEPHENS,** | § | |
| **Director TDCJ-CID,** | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 was automatically referred to the United States Magistrate Judge. For the reasons that follow, it is recommended that the petition be summarily dismissed as barred by the one-year statute of limitations.

### I. BACKGROUND

In 2011, a jury convicted Petitioner of aggravated sexual assault of a child and assessed punishment at 99 years' imprisonment. *State v. Woods*, No. F0862748, *Judgment* (Criminal District Court No. 7, Dallas County, 2011), available at http://courtecom.dallascounty.org/pav/.[1] The state court of appeals affirmed his conviction on June 19, 2012, and the Texas Court of Criminal Appeals (TCCA) denied his petition for discretionary review on January 16, 2013. *Evans v. Woods*, 05–11–00414–CR, 2012 WL 2308260 (Tex. App. – Dallas, 2012, *pet. ref.*). Petitioner subsequently sought state habeas relief on January 10, and February 24, 2014, respectively.[2] *See Ex Parte Woods*, Nos. W0862748A and W0862748B, *Application for Writ*

---

[1] Document can be accessed on the website by entering case number.
[2] The state applications are deemed filed on January 10 and February 24, 2014, the dates on which Petitioner signed them and likely also handed them to prison officials for mailing. *See*

(Criminal District Court No. 7, Dallas County, 2014), available at http://courtecom.dallascounty.org/pav/. The TCCA dismissed the first application as non-compliant on March 19, 2014, and denied the second application on January 28, 2015. *See Ex Parte Woods*, No. WR-81,081-01, *Action Taken* (Tex. Crim. App. 2014), available at http://www.search.txcourts.gov/Case.aspx?cn=WR-81,081-01&coa=coscca; *Ex Parte Woods*, No. WR-81,081-02, *Action Taken* (Tex. Crim. App. 2015), available at http://www.search.txcourts.gov/Case.aspx?cn=WR-81,081-02&coa=coscca.

On May 22, 2015, Petitioner filed the federal habeas petition in this case, raising claims of abuse of discretion by the trial court, prosecutorial misconduct, and ineffective assistance of counsel at trial and on appeal. Doc. 1 at 6-7.[3] As his federal petition appeared untimely filed, the Court directed Petitioner to respond regarding the application of the one-year limitations period. Doc. 10.

---

*Richards v. Thaler*, 710 F.3d 573, 579 (5th Cir. 2013) (holding prison "mailbox rule" applies to state habeas application). While Petitioner may not have mailed the second application until March 2014, the Court considers the earlier date in light of his *pro se* status. *See* Doc. 10 at 3 (stating second application mailed on March 3, 2014); *Ex Parte Woods*, No. W0862748B, *Findings of Fact* at 2 n.1, available at http://courtecom.dallascounty.org/pav/ (same). Moreover, Petitioner's assertion that his second application was treated as an amendment of the first application is refuted by the state court's order, which specifically noted the court was addressing the "second application for writ of habeas corpus." *Id.*

[3] In light of Petitioner's *pro se* status and the prison "mailbox rule," the Court also deems the federal petition filed on May 22, 2015, when Petitioner signed the same and presumably placed it in the prison mailing system. Doc. 1 at 10; *see* Rule 3(d) of the Rules Governing Section 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system).

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte*. See 28 U.S.C. § 2244(d); *Kiser v. Johnson*, 163 F.3d 326, 328-329 (5th Cir. 1999). Petitioner filed his federal petition well beyond the one-year limitations period. *See* 28 U.S.C. § 2244(d)(1)(A) (a state prisoner ordinarily has one year to file a federal habeas petition, starting from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"). His conviction became final on April 16, 2013 -- 90 days after the TCCA refused his petition for discretionary review on January 16, 2013. *See* SUP. CT. R. 13(1) and (3); *Clay v. United States*, 537 U.S. 522, 528 n. 3 (2003); *Evans*, 2011 WL 744516.

Statutory tolling is unavailable during the pendency of Petitioner's first state application. 28 U.S.C. § 2244(d)(2). The TCCA dismissed that application for noncompliance with TEX. R. APP. P. 73.1 and, as such, it did not satisfy Texas' procedural requirements for state habeas applications. *See Artuz v. Bennett,* 531 U.S. 4, 8 (2000) (an application is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."); *see also Villegas v. Johnson,* 184 F.3d 467, 470 (5th Cir. 1999) ((holding "that a 'properly filed application' is one that conforms with a state's applicable procedural filing requirements"). Thus, the first state application did not constitute a properly filed application for purposes of statutory tolling. *See Broussard v. Thaler*, 414 F. App'x 686, 688 (5th Cir. 2011) (application that failed to follow state's procedural filing requirements was not "properly filed" and, thus, did not toll the one-year limitations period); *Edwards v. Dretke,* 116 F. App'x 470, 471

(5th Cir.2004) (application that failed to comply with Tex. R. App. P. 73.2 "did not constitute a 'properly filed' application").

Moreover, by the time Petitioner filed his second state habeas application on February 24, 2014 (a month and one-half after filing the first application), 313 days of the the one-year limitations period had already expired.  Thus, even when the federal limitations period is statutorily tolled during the pendency of the second application (from its signing through its denial on January 28, 2015), *see* 28 U.S.C. § 2244(d)(2), the one-year limitations period had elapsed by Monday March 23, 2015 (extended from Saturday March 21, 2015) two months *before* Petitioner filed the instant federal petition on May 22, 2015.

In response to the Court's order regarding the one-year limitations period, Petitioner asserts a state created impediment under 28 U.S.C. § 2244(d)(1)(B).  Doc. 10 at 4-6. Specifically, he claims  that a two-day prison lock down (from March 18-19, 2015) prevented the timely filing of his federal petition because he had no access to the law library to research, prepare, and mail his federal petition.  Doc. 10 at 4-6.  However, Petitioner does not allege -- much less show -- any causal link between the alleged denial of access to the law library during the prison lock down and his inability to file a timely federal petition.  *See Egerton v. Cockrell,* 334 F.3d 433, 436 (5th Cir. 2003) (to invoke section 2244(d)(1)(B), the petitioner must show that: "(1) he was prevented from filing a petition, (2) by State action (3) in violation of the Constitution or federal law.").  Indeed, apart from conclusory assertions, Petitioner's response is completely silent as to how the two-day lockdown prevented him from filing a timely section 2254 petition, especially where the federal petition was handwritten, presented the same grounds pled in the state application, and was deemed filed as of the date of its signing.  *See Krause v.*

*Thaler*, 637 F.3d 558, 561 (5th Cir. 2011) (the petitioner must "show that . . . [the impediment] actually *prevented* him from timely filing his habeas petition.").[4]

Additionally, subsections (C) through (D) of section 2244(d)(1) are inapplicable. Petitioner does not base his claims on any new constitutional right, and the facts supporting his claims became or could have become known prior to the date on which his conviction became final. Doc. 1 at 6-7. Accordingly, his federal petition is clearly outside the one-year statute of limitations absent equitable tolling.

## *Equitable Tolling*

Petitioner's filings, even when liberally construed in accordance with his *pro se* status, do not present due diligence and "rare and exceptional circumstances" warranting equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."). Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.") (quotation and quoted case omitted); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) ("In order for equitable tolling to apply, the applicant must diligently pursue . . . [habeas] relief.").

Moreover, this is not a case in which Petitioner pursued "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). In fact, he delayed more than eight and one-half months from the date his conviction became final until he filed the first, non-

---

[4] While Petitioner also relies on a second lockdown (from April 27 through May 1, 2015) to support his state-created-impediment argument, that lockdown did not occur until over a month *after* the one-year period had elapsed and, thus, could not have prevented the filing of his federal petition.

complying application.  And while he filed his second state application only one and one-half months after the first, Petitioner was not as diligent in the submission of his subsequent federal petition.  In fact, he waited over three and one-half months after the denial of the second application (from January 28, 2015, until May 22, 2015) before submitting his federal petition.  Thus, even equitable tolling for the combined seven-day lock downs in March and late April would not render the federal petition timely.  Doc. 10 at 4-6.

     Next, Petitioner asserts that it is "no easy task for an under educated layman at law to prepare and file . . . his 2254" federal petition. Doc. 10 at 6.  However, the petitioner's *pro se* status, unfamiliarity with the law, and limited education do not suffice as a basis for equitable tolling.  See *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d  390, 391-392 (5th Cir. 1999) (*per curiam*) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling."); *Taylor v. Thaler*, No. 3:10-CV-2009-N-BK, 2011 WL 1045338 (N.D. Tex. Jan. 24, 2011), recommendation accepted, 2011 WL 1085160 (N.D. Tex. Mar. 22, 2011) (eighth grade education did not justify equitable tolling). Moreover, as previously noted, the federal petition filed in this case could have easily been submitted by a *pro se* litigant since it was handwritten and presented the same grounds pled in the state application.

     Accordingly, the Court concludes that Petitioner cannot carry his burden of establishing that equitable tolling is warranted in this case.  See *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling).

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DISMISSED** with prejudice as barred by the one-year statute of limitations.  See 28 U.S.C. § 2244(d)(1).

SIGNED December 10, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE